UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS PERKINS,              ) | |
| ) | |
| Plaintiff,     ) | |
| v.                                                ) | CIVIL ACTION |
| ) | NO. 12-11206-GAO |
| CITY OF ATTLEBORO, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**REPORT AND RECOMMENDATION ON
<u>UNION'S MOTION TO DISMISS</u>**

August 26, 2013

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff Dennis Perkins ("Perkins") is a Captain in the City of Attleboro's Fire Department. He was suspended for five days following an altercation on July 4, 2009 with another firefighter, the defendant Vincent Bailey. Perkins contends, <u>inter alia</u>, that the other defendant firefighters and the defendant International Association of Firefighters Local 848 (the "Union") improperly interfered with the investigation of the altercation and caused him to be suspended due to his opposition to then-Chief Ronald Churchill's bid to remain as Chief for a year over the age of mandatory retirement.

Perkins has brought a seventeen-count Second Amended Complaint (Docket No. 10) ("Compl.") against the City of Attleboro, various firefighters in their individual and professional capacities, and the Union, alleging violations of his federal constitutional

rights (Counts I-II, IV-VII), as well as violations of his state constitutional, statutory and common law rights. The City, on its own behalf and on behalf of all defendants except the Union (the "City defendants"), filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docket No. 26). On this date, this court issued a Report and Recommendation ("City R&R") recommending that the City defendants' motion to dismiss be allowed, that Counts I, II, IV, V, VI and VII be dismissed for failure to state a claim, and that the court decline to exercise its supplemental jurisdiction over the state law claims. (See City R&R (Docket No. 53)).

This matter is presently before the court on the Union's motion to dismiss. (Docket No. 30). The Union has moved to dismiss all the federal constitutional claims against it (Counts I, II, IV, V and VII)[1] for the same reasons as the City defendants, as well as on some additional grounds applicable only to the Union. For the reasons detailed in the City R&R, which will not be repeated herein, this court recommends that the Union's motion to dismiss be allowed as well. This Report and Recommendation will be limited to the arguments uniquely applicable to the Union's motion to dismiss.

Unlike the City defendants, who only asked that the court decline to exercise supplemental jurisdiction over the state law claims, the Union has moved to dismiss the state law claims brought against it for failure to state a claim upon which relief can be granted. For the reasons detailed herein, this court recommends that the District Court

---

[1] The Union is named in all the federal constitutional claims brought against the City defendants except for Count VI, which is brought only against the City of Attleboro.

-2-

decline to exercise its supplemental jurisdiction over the state law claims. Therefore, this court will not address the merits of the Union's motion to dismiss these claims.

For all the reasons detailed herein and in the City R&R issued on this date, this court recommends to the District Judge to whom this case is assigned that the Union's motion to dismiss (Docket No. 30) be ALLOWED, that Counts I, II, IV, V and VII of the Second Amended Complaint be dismissed, and that the court decline to exercise its supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## II.  STATEMENT OF FACTS

The Statement of Facts found in Section II of the City R&R is hereby incorporated by reference, as if fully set forth herein.

## III.  ANALYSIS OF CONSTITUTIONAL CLAIMS

The Analyses found in Sections III through IX of the City R&R are hereby incorporated by reference, as if fully set forth herein. For the reasons detailed therein, this court concludes that Perkins has failed to state a claim of a violation of his federal constitutional First Amendment rights (Counts I and II), his Fourteenth Amendment right to procedural due process (Count IV), and his Fourteenth Amendment right to privacy (Count V). In addition, Perkins has failed to allege a viable conspiracy claim under 42 U.S.C. § 1985 (Count VII). Therefore, these Counts should be dismissed to the extent that they are directed to the Union as well.

## IV. <u>UNION AS STATE ACTOR</u>

"A claim under section 1983 has two essential elements. First, the challenged conduct must be attributable to a person acting under color of state law" and "second, the conduct must have worked a denial of rights secured by the Constitution or by federal law." <u>Soto v. Flores</u>, 103 F.3d 1056, 1061 (1st Cir. 1997). In the instant case, the Union denies that it was acting under color of state law and, consequently, has moved to dismiss the claims brought pursuant to 42 U.S.C. § 1983 on those grounds. However, this court finds that Perkins has alleged sufficient facts to state a claim that the Union was acting in concert with the state actors. Therefore, this is not a basis to dismiss the federal constitutional claims against the Union.[2]

A person may be charged as a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937, 102 S. Ct. 2744, 2754, 73 L. Ed. 2d 482 (1982). Accord <u>Gonazalez-Morales v. Hernandez-Arencibia</u>, 221 F.3d 45, 49 (1st Cir. 2000). With respect to a claim of joint action with state officials, it is sufficient if the defendant "is a willful participant in joint activity with the State or its agents." <u>Casa Marie, Inc. v. Superior Court</u>, 988 F.2d 252, 259 (1st Cir. 1993) (quotation omitted). Moreover, "[a]n actual conspiracy between a

---

[2] For the reasons detailed in the City R&R, this court has concluded that Perkins has failed to state a claim that his federal constitutional rights were violated. The present inquiry as to whether the Union acted under color of state law does not need to be addressed if the District Judge agrees that the plaintiff has not alleged a constitutional violation.

state [actor] and a party attempting a plainly prohibited act would constitute 'state action.'" Id.  See also Alexis v. McDonald's Rests. of Mass., Inc., 67 F.3d 341, 351 (1st Cir. 1995) ("Where a private individual is a defendant in a section 1983 action, there must be a showing that the private party and the state actor jointly deprived plaintiff of her civil rights.").  Of course, conclusory allegations of a conspiracy are insufficient to state a claim.  Rather, the plaintiff must support his claim "with references to material facts."  Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

In the instant case, Perkins has asserted sufficient facts at this juncture to state a claim that the Union and state actors acted jointly.  For example, he has alleged that the Union worked with the City and Chief Churchill to obtain the extension of Chief Churchill's service, without informing the plaintiff of its position.  (Compl. ¶¶ 59-60, 63). He also has alleged that Union officials worked with defendant Bailey to help him circumvent being disciplined for his actions on July 4, 2009, and to shift the focus of the investigation being conducted by Deputy Chief Livesey to Perkins, presumably in violation of and in retaliation for plaintiff's exercise of his First Amendment rights.  (See, e.g., id. ¶¶ 79, 84, 121, 123).  According to Perkins, Union officials and Atteboro officials met together and decided to twist the July 4, 2009 incident into a racial incident, which eventually resulted in Perkins' reputation being besmirched.  (See, e.g., id. ¶¶ 139, 140).  Finally, but without limitation, Perkins has asserted that the Union and the City coordinated the letter writing campaign which resulted in Perkins' temporary suspension and which was designed to preclude his advancement within the Fire Department.  (See,

e.g., id. ¶¶ 143, 145, 149, 164-65, 202-03). While these allegations are strenuously denied, they must be accepted as true for purposes of the Union's motion to dismiss. Perkins has alleged sufficient facts to establish that the Union was "a willful participant in joint activity with the State or its agents." Casa Marie, Inc., 988 F.2d at 259 (quoting United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 1157, 16 L. Ed. 2d 267 (1966)). Therefore, Perkins' claims against the Union should not be dismissed on the basis that the Union was not acting under color of state law. See Wagenmann v. Adams, 829 F.2d 196, 210-11 (1st Cir. 1987) (upholding jury determination that private individual was liable under § 1983 for warrantless arrest of plaintiff where circumstantial evidence was sufficient to support finding that private individual possessed and exerted influence over police and conspired with them to have plaintiff arrested).

## V. PROCEDURAL DUE PROCESS

In Count IV of his Complaint, Perkins has alleged that his procedural due process rights were violated. For the reasons detailed in the City R&R, this court has concluded that this claim must fail, as Perkins was awarded all the pre-deprivation and post-deprivation hearings to which he was entitled. Therefore, this court has recommended that this count be dismissed as to all defendants.

The Union has also moved to dismiss Count IV for the additional reason that the Union had no control over the procedural due process granted to the plaintiff. (See Docket No. 30 at 12). This court agrees. While Perkins has alleged that the Union acted jointly with the City and Fire Department officials, see supra, he also has alleged clearly

that defendants Churchill and Livesey directed any investigation and were the ones who provided the plaintiff with an opportunity to be heard before the disciplinary sanction was imposed. (See, e.g., Compl. ¶¶ 81-82, 137, 170). Any post-deprivation proceedings were conducted pursuant to the civil service laws. See Mass. Gen. Laws ch. 31, §§ 41-44. Therefore, Perkins has not alleged that the Union was involved in effectuating (or violating) Perkins' procedural due process rights, and Count IV should be dismissed against the Union for this additional reason as well.

## VI.   STATE LAW CLAIMS

The Union has also moved to dismiss the plaintiff's state law claims for failure to state a claim upon which relief should be granted. However, this court recommends that the federal court decline to exercise its supplemental jurisdiction over these claims. Therefore, the sufficiency of these pleadings will not be addressed.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise its supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which is has original jurisdiction[.]" As the court explained in Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249 (1st Cir. 1996):

> In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline adjudication of lingering state-law claims after it has dismissed "all claims over which it has original jurisdiction"). In deciding whether or not to retain jurisdiction on such an occasion, the trial court must take into account concerns of comity, judicial economy, convenience,

> fairness, and the like. *See Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995); *Vera-Lozano v. International Broadcasting,* 50 F.3d 67, 70 (1st Cir.1995); *Newman v. Burgin,* 930 F.2d 955, 963-64 (1st Cir.1991). While dismissal may sometimes be appropriate if the federal-question claim is eliminated early in the proceedings, *see, e.g., Martinez v. Colon,* 54 F.3d 980, 990 (1st Cir.), *cert. denied,* 516 U.S. 987, 116 S. Ct. 515, 133 L. Ed. 2d 423 (1995), each case must be gauged on its own facts. The preferred approach is pragmatic and case-specific. Thus, in "an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." *Rodriguez,* 57 F.3d at 1177.

Roche, 81 F.3d at 256-57.

Where, as here, "the litigation has not proceeded to a stage" where litigating the matter in the state court "would cause undue delay or duplicative effort[,]" it is appropriate for the federal court to decline to exercise its supplemental jurisdiction over the state law claims. See Tarr v. Town of Rockport, 405 F. Supp. 2d 75, 78 (D. Mass. 2005). This is especially appropriate here, since this court's recommendations with respect to the dismissal of the federal claims were based on the requirements of pleading federal constitutional claims, and did not address the sufficiency of the state law claims. See id. (court remands state law issues after dismissing federal-law claims since "[t]his Court has not ruled on defendants' motions for judgment on the pleadings and defendants' counsel concedes that minimal extra work would be required in order to file the same dispositive motions in state court."). "[C]oncerns of comity, judicial economy, convenience, fairness, and the like" compel the conclusion that the federal court decline to exercise jurisdiction over the state law claims. See Roche, 81 F.3d at 257.

## VII. CONCLUSION

For all the reasons detailed herein and in the City R&R, this court recommends to the District Judge to whom this case is assigned that the Union's motion to dismiss (Docket No. 30) be ALLOWED, that Counts I, II, IV, V and VII of the Second Amended Complaint be dismissed, and that the court decline to exercise its supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).[3]

                                             / s / Judith Gail Dein
                                             Judith Gail Dein
                                             U.S. Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).